UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CARL RICHARD YINGER,**

       **Plaintiff,**

v.                                                          CASE NO. 05-CV-73529-DT
                                                             HON. DENISE PAGE HOOD

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**and MICHIGAN PAROLE BOARD,** *et al.***,**

       **Defendants.**
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Carl Richard Yinger has filed a *pro se* complaint for declaratory and injunctive relief under 42 U.S.C. § 1983. Plaintiff is a state prisoner who has been granted leave to proceed without prepayment of the fees and costs for this action.

The caption of the complaint names the Michigan Department of Corrections and the Michigan Parole Board, *et al.*, as the defendants. Plaintiff mentions Adrian Green, Charles Braddock, Margie McNutt, John Rubitschun, Marianne Samper, Enid Livingston, and James Quinian in Section VI of his complaint, which is entitled "Parties." The Court therefore construes the complaint liberally as it must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), to include Green, Braddock, McNutt, Rubitschun, Samper, Livingston, and Quinian as defendants. These defendants are or were members of the Michigan Parole Board.

The complaint alleges that Plaintiff was released on parole for the second time in 2002. He violated the conditions of parole, was returned to prison, and, since then, has been denied

release on parole four times. He claims that the individual defendants conducted his parole revocation hearing and each subsequent parole hearing and that each hearing resulted in a violation of state law and his constitutional right to due process.

Count one of the complaint alleges that the defendants violated state law when they failed to provide notice of potential corrective behavior and cited Plaintiff's failure to complete an assaultive-offenders program as a reason for denying him release on parole. Plaintiff alleges that he was never classified to this program and when he attempted to apply for the program, he was disqualified because he did not meet the criteria. Plaintiff claims the defendants' failure to adhere to their own policy directive on program classification (Mich. Dept. of Corr. P.D. 05.01.100 II. B.) violates his constitutional right to due process.

Count two of the complaint alleges that the defendants considered inaccurate and false information when denying Plaintiff release on parole. The defendants stated in a notice of their decision to deny parole that Plaintiff's post-conviction history includes the commission of a crime while under supervision. Plaintiff alleges that this information is incorrect because he was not convicted of a crime while under supervision. He maintains that reliance on incorrect or false information violates his constitutional right to due process.

## II. Standard of Review

Plaintiff may bring his claims in a civil rights complaint, as opposed to a habeas corpus petition, because he is challenging the defendants' procedures. Success in this action would not necessarily demonstrate the invalidity of Plaintiff's confinement or its duration. *See Wilkinson v. Dotson*, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005).

Nevertheless, to successfully establish a *prima facie* case under § 1983, Plaintiff must demonstrate that the defendants acted under color of state law and deprived him of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

### III.  Discussion

#### A.  The Michigan Department of Corrections and its Parole Board

The Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).[1] Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State*

---

[1] The Department of Corrections is an administrative agency within the executive branch of Michigan's government, and the Parole Board is an entity within the Department of Corrections. *Hopkins v. Michigan Parole Board*, 237 Mich. App. 629, 636-37; 604 N.W.2d 686, 690 (1999).

*School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 157 (2004), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, the claims against the Michigan Department of Corrections and the Michigan Parole Board are frivolous and fail to state a claim for which relief may be granted.

### B.  The Individual Defendants

Plaintiff is entitled to sue state officials in their official capacities for injunctive or declaratory relief "under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Plaintiff does not allege the capacity in which he sues the individual defendants, but it is clear from his allegations that he is suing them in their official capacities as members of the Parole Board. He seeks to prevent the defendants from: (1) violating Mich. Comp. Laws § 791.235(5)[2]; (2) considering

---

[2]  This statutory provision reads:

> (5) Except for good cause, the parole board member conducting the interview shall not have cast a vote for or against the prisoner's release before conducting the current interview. Before the interview, the parole board member who is to conduct the interview shall review pertinent information relative to the notice of intent to conduct an interview.

Mich. Comp. Laws § 791.235(5). Because this provision does not appear to be relevant to

participation in the assaultive-offenders program a requirement for release on parole; and (3) using allegedly criminal activity to deny parole. The Court has concluded for the following reasons that Plaintiff is not entitled to the requested relief.

### 1. Count One: Failure to Comply with State Law

The Court begins its discussion by noting that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Nor is there an absolute right to release on parole under state law. "[A] prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(9).

Count one of the complaint lacks an arguable basis in law because the alleged failure to comply with Policy Directive 05.01.100 (Prisoner Program Classification) and Mich. Comp. Laws § 791.235 (12) (requiring specific recommendations for corrective action) does not amount to a violation of federal procedural due process rights. There simply is no viable legal theory by which Michigan state authorities are required to follow their own procedural statutes and regulations on parole as a matter of federal due process. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994); *see also Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990) (concluding that the Michigan Parole Board's alleged violation of a state procedural rule does not rise to federal constitutional proportions). Moreover, the Court lacks jurisdiction "to enjoin . . . state

---

Plaintiff's allegations, the Court believes he may be attempting to prevent the defendants from violating Mich. Comp. Laws § 791.235(12), which provides that,

> [w]hen the parole board makes a final determination not to release a prisoner, the prisoner shall be provided with a written explanation of the reason for denial and, if appropriate, specific recommendations for corrective action the prisoner may take to facilitate release.

institutions and state officials on the basis of . . . state law." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 124-25 (1984).

In addition, exhibits to the complaint indicate that the defendants gave Plaintiff notice of actions he could take for corrective behavior. In 2004, the defendants made the following recommendations for corrective actions which might facilitate release: (1) demonstrate responsible behavior by earning positive reports in programs; (2) demonstrate leadership qualities by participating in department-sanctioned activities; (3) enter into or continually involve himself in substance abuse programming; and (4) obtain screening by psychological staff to determine the appropriateness of group therapy to reduce the risk to society. *See* Parole Board Notice of Decision dated June 3, 2004, at 2.

In 2005, the defendants repeated the first, third, and fourth recommendations and also recommended that Plaintiff demonstrate responsible behavior by avoiding situations which resulted in misconduct citations. *See* Parole Board Notice of Decision dated August 16, 2005, at 2. The failure to complete an assaultive-offenders program was not the only reason the defendants found substantial and compelling reasons for departing from the parole guidelines. The defendants noted that Plaintiff lacked remorse and empathy for the victims at his parole board interview. *See id*. at 1. The Court concludes that Plaintiff is not entitled to injunctive or declaratory relief on the basis of his first claim.

### 2. Count Two: Consideration of Inaccurate Information

Plaintiff alleges that the defendants denied him parole on the basis of a false conclusion that he committed a crime while under supervision. Despite this allegation, Plaintiff admits that he violated the conditions of parole by using a controlled substance (marijuana). *See* Compl. ¶¶

6

7, 9, and 11.  He contends, nevertheless, that he is guilty of a mere technical rule violation. Although he apparently was not charged with a criminal offense, possession of marijuana is a crime in this State.  *See* Mich. Comp. Laws § 333.7403(2)(d).  Therefore, the defendants did not rely on false or inaccurate information to revoke or to deny parole when they stated that Plaintiff committed a crime while under supervision.

### IV.  Conclusion

Plaintiff's allegations against the individual defendants lack an arguable basis in law and in fact and do not entitle Plaintiff to the injunctive relief he seeks.  Plaintiff's allegations against the Michigan Department of Corrections and the Michigan Parole Board are barred by the Eleventh Amendment.  Accordingly, the complaint is DISMISSED as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

 s/ DENISE PAGE HOOD  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2005

I hereby certify that a copy of the foregoing document was served upon Carl R. Yinger, #233945, Parnell Correctional Facility, 1790 East Parnell Rd., Jackson, MI 49201 on November 30, 2005, by electronic and/or ordinary mail.

s/William F. Lewis  
Case Manager

7